UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS YEPEZ,

                Plaintiff,                      **COMPLAINT**

    - against –

3RD AVE DOLLAR LLC d/b/a 3rd AVE DOLLAR
STORE AND MORE and MAMAT MAZOT,
individually,

                Defendants.
------------------------------------------------------------------X

    Plaintiff Luis Yepez (hereinafter referred to as "Yepez" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of 3rd Ave Dollar LLC d/b/a 3rd Ave Dollar Store and More ("Dollar Store") and Mamat Mazot ("Mazot") individually collectively ("Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA").

2. Lopez worked for Dollar Store as a stock clerk.

3. Throughout Plaintiff's employment, Defendants failed to compensate Plaintiff for overtime hours he worked in excess of 40 hours per week, in violation of the FLSA.

4. Plaintiff further brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3).

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages,

compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

6. Plaintiff also brings this action under New York Business Law § 630 as the individual Defendant Mazot—on information and belief—is one of the ten largest shareholders of 3rd Ave Dollar LLC.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff Luis Yepez**

10. Plaintiff is an adult individual residing in Kings County, New York.

11. From on or about May 25, 2023 through December 7, 2023, Plaintiff worked for Defendants.

12. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Dollar Store**

13. On information and belief, Dollar Store is a New York corporation, having its principal place of business located at 135 3rd Avenue, New York, NY 10003.

14. On information and belief, Mazot is the owner of the Dollar Store.

15. On information and belief, Mazot maintains control, oversight and direction over the Dollar Store.

16. At all times relevant to this action, Dollar Store is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, Dollar Store had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales or business done in excess of $500,000.00.

**Defendant Mamat Mazot**

18. Mazot is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Dollar Store

19. On information and belief, Mazot is the owner of Dollar Store.

20. On information and belief, Mazot maintains control, oversight and direction over Dollar Store.

21. Mazot exercises sufficient control over Dollar Store to be considered Plaintiff's employer under the FLSA, and at all times material hereto Mazot had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Dollar Store.

22. Mazot had substantial control over Plaintiff's working conditions and the practices alleged herein.

**STATEMENT OF FACTS**

**Luis Yepez's Employment with Defendants**

23. Plaintiff worked at Dollar Store located at 135 3rd Ave., New York, NY 10003.

24. Throughout his employment with Defendants, Plaintiff worked two separate schedules.

25. From May to October 2023, Plaintiff worked six days a week.

26. From May to October 2023, Plaintiff worked from 9 a.m. to 8 p.m.

27. From November until December 7, 2023, Plaintiff worked seven days a week.

28. From November until December 7, 2023, Plaintiff continued to work from 9 a.m. to 8 p.m.

29. Plaintiff was responsible for maintaining a clean and organized store environment, overseeing stock management and handling incoming deliveries.

30. Throughout his employment, Defendant paid Plaintiff $650 a week

31. Plaintiff was paid in cash.

32. Plaintiff's salary was only inclusive of the first 40 hours worked.

33. Plaintiff was not paid overtime in compliance with the FLSA.

34. Defendants never required Plaintiff to "clock in" or "clock out" or kept track of the hours he worked in any type of manner.

35. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or documentation of his hours worked during that pay period or his rate of pay.

36. During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**Defendants' Violations of the Wage Theft Prevention Act**

37. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates.

38. The WTPA was enacted to protect an employee's concrete interest in being paid what he or she is owed under the NYLL.

39. Specifically, the WTPA's wage notice and wage statement provisions are intended to serve as safeguards of employees' broader interest in being paid the wages that Plaintiff earned.

40. Indeed, if an employer's failure to provide wage statements or wage notices were considered purely a technical violation, then no employee would ever have standing to sue under the WTPA. This in turn would render the statutory damages provisions would be rendered meaningless and unenforceable.

41. Throughout the relevant time period, Defendants paid Plaintiff without any accompanying statement listing the correct overtime rate or rates of pay, the correct number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

42. Plaintiff was never given a correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

45. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

46. Defendants unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

47. Because Defendants violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

48. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs, and compensation pursuant

**SECOND CAUSE OF ACTION**
**Failure to Provide Wage Notices in Violation of New York Labor Law**

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the

employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

51. Through its knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations

52. Due to Defendants violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### THIRD CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

55. Through its knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

56. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FOURTH CAUSE OF ACTION**
**Against Mazot individually Pursuant to New York Business Corporation Law § 630**

57. Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs.

58. At all relevant times Mazot was one of the ten largest shareholders of 3rd Avenue.

59. On January 19, 2024, Plaintiff's counsel sent a letter to Mazot that, among other things, advised that the letter was Plaintiff's written notice that Plaintiff intended to charge and hold Mazot and any other eligible shareholder of 3rd Ave Dollar LLC personally liable pursuant to New York Business Corporation Law § 630 for all debts, wages, commissions, and salary due and owing to Plaintiff.

60. The unpaid wages that are the subject of this lawsuit against 3rd Ave Dollar LLC are "compensation and benefits payable by an employer to or for the account of the employee for personal services rendered by such employee" within the meaning of New York Business Corporation Law § 630(b).

61. Plaintiff fully complied with the prerequisites of New York Business Corporation Law § 630.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants Dollar Store and Mamat Mazot as follows:

(a) A declaration, pursuant to 28 U.S.C. § 2201, in light of the choice of law provisions of the Employment Agreement, that the majority shareholders are jointly and severally liable for all debt, wages and salaries due to servants or employees of the Company for services performed by them for the Company as set forth in Bus. Corp. Law § 630;

(b) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(d) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e) For pre-judgment and post-judgment interest on the foregoing amounts;

(f) For the costs and disbursements of the action, including attorney's fees; and,

(g) Granting such other and further relief as the Court deems just and proper.

Dated: January 19, 2024
      New York, New York

                           **THE LAW OFFICES OF JACOB ARONAUER**

                           By:    <u>*/s/ Jacob Aronauer*</u>
                                    Jacob Aronauer
                                    250 Broadway, Suite 600
                                    New York, NY 10007
                                    *Attorney for Plaintiff*