

# Law Offices of Yale Pollack, P.C.

66 Split Rock Road
Syosset, New York 11791
Phone: (516) 634-6340
Fax: (516) 634-6341
www.yalepollacklaw.com

Yale Pollack, Esq.
ypollack@yalepollacklaw.com

May 14, 2024

**VIA ECF**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Yepez v. 3rd Avenue Dollar LLC et al.*
    *24-CV-00430-PAE-BCM*

Dear Judge Engelmeyer:

  This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

  The parties have memorialized and executed a settlement agreement, which will discontinue the above-captioned case, with prejudice. Defendants have agreed to pay Plaintiff $17,500.00 in satisfaction for all claims raised in this action. Pursuant to the terms of the settlement agreement, Plaintiff will receive $11,396.67 and Plaintiff's counsel will retain $6,103.33.

  *A copy of the executed settlement agreement is annexed as Exhibit A.*

### *Claims and Defenses*

  It is submitted that there are factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

#### **Plaintiff's Position**

  On January 29, 2024, Plaintiff commenced this action seeking purported unpaid overtime pursuant to the FLSA and NYLL. Plaintiff also sought damages for alleged wage notice and wage

The Honorable Paul A. Engelmayer
May 14, 2024
Page 2

statement violations. Plaintiff alleges that he was employed as a stock clerk by Defendants at the store located at 135 3rd Avenue, New York, New York.

Plaintiff claims that he worked two separate scheduled for Defendants during his employment with them. From May 2023 through October 2023, Plaintiff alleges that he worked six days per week for Defendants, working from 9:00 a.m. until 8:00 p.m. From November 2023 through December 7, 2023, Plaintiff alleges that he worked seven days per week for Defendants, working the same hours (i.e. from 9:00 a.m. until 8:00 p.m.).

In exchange for his services, Plaintiff alleges that Defendants paid him a flat salary of $650 per week which was inclusive of only the first 40 hours he worked. Plaintiff also alleges that he was not provided with a wage hire notice and correct wage statements as required under The Wage Theft Prevention Act ("WTPA").

*A spreadsheet setting forth Plaintiff's damages is annexed as Exhibit B.* As reflected in the damage calculations, Plaintiff believes he is owed approximately $15,000 in unpaid wages.

### Defendants' Position

Defendants deny any wrongdoing and liability. Defendant contends that Plaintiff was never hired by Defendant and that any work that may have been performed by Plaintiff, and any payments that may have been paid to Plaintiff were not authorized by Defendant.

Finally, Defendants represent they could not withstand a greater financial exposure than the compromise proposed here, warranting the extended payment plan agreed upon by the parties.

Considering the foregoing disputes and the risks associated therewith, the parties agreed to settle the case to avoid further litigation, motion practice, and trial.

### *The Settlement Terms*

Pursuant to the Settlement Agreement, the parties have agreed to the following break-down as to payment of the total $17,500.00 settlement amount:

- Plaintiff: $11,396.67
- Attorneys' fees and expenses: $6,103.33

Defendants will issue payment in three separate payments, commencing with the first payment within 15 days of Court approval.

The parties believe this settlement to be a fair resolution to this litigation, due to the disputes about the value of Plaintiff's claims.

The Honorable Paul A. Engelmayer
May 14, 2024
Page 3

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted); see also *Diaz v. Scores Holding Co.,* No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached because of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement") (citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, while Plaintiff believes he would prevail on his claims, he acknowledges that he faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect his ability to recover on any of the claims asserted in this action.

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 322 (S.D.N.Y. 2012).

In negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

Plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case one-third after reimbursement of expenses. This was the rate agreed upon by Plaintiff and counsel at the outset via a retainer agreement. To date, Plaintiff's counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved.

The Honorable Paul A. Engelmayer
May 14, 2024
Page 4

Expenses in this matter were as follows: (1) $405 filing fee; and (2) $130 for service on Defendants. Plaintiff's counsel is not seeking to be reimbursed for service costs. To ascertain the correct amount in attorney fees, we subtracted the expenses from the total amount and gave Plaintiff the remaining two-thirds. Plaintiff's counsel received one-third of the remaining amount plus reimbursement of expenses.

Thus, the amount Plaintiff's counsel is seeking is in line with other FLSA settlements. *See Santos v EL Tepeyac Butcher Shop, Inc.*, 2015 WL 90712, at * 4 (S.D.N.Y. Dec. 15, 2015). Courts in this circuit have also held that one-third contingency fee satisfies the broad remedial purposes of the FLSA and the NYLL. *See Khait v. Whirpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010). Accordingly, it is submitted that the attorneys' fees are fair and reasonable.

Plaintiff s attorneys' time and labor warrants the requested fee. Plaintiff's counsel (1) met with Plaintiff to learn relevant facts; (2) drafted and filed the Complaint; (3) sent a demand letter with the drafted complaint in the hopes of an early resolution; (4) regularly communicated with Plaintiff to keep him updated regarding the progress of the case; (5) prepared damages' calculations; (6) prepared the settlement agreement; (7) reviewed the agreement with Plaintiff; and (8) drafted the *Cheeks* approval letter. Admittedly, the work discussed above is not unique or complex, but our office still spent the time necessary to obtain what we believe to be a strong result.

As set forth, *supra*, Plaintiff faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiff's attorneys took this case pursuant to a retainer agreement with Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiff obtained a recovery. Accordingly, Plaintiff's counsel faced a risk of receiving little or no payment for this work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

**Plaintiff's Counsel**

Plaintiff was represented by The Law Offices of Jacob Aronauer and Law Offices of Yale Pollack, P.C.

### **Mr. Aronauer's Background**

Mr. Aronauer has extensive experience representing employees in wage and hour actions. Mr. Aronauer deals almost exclusively in employment law. Aronauer received his J.D. from Suffolk University Law School in 2005. After graduating law school, Aronauer worked for The New York City Office of Labor Relations. Aronauer then worked for law firms in the New York City area. Since 2013, Aronauer has ran his own firm.

Mr. Aronauer was a Super Lawyer rising star from 2018 through 2020. From 2022 through 2024, Mr. Aronauer was selected as a Super Lawyer in NYC in the field of employment law.

The Honorable Paul A. Engelmayer
May 14, 2024
Page 5

It is respectfully requested that the Court approval Mr. Aronauer firm's hourly rates of $450 for Mr. Aronauer and $165 for paralegals.

### **Mr. Pollack's Background**

Mr. Pollack graduated from Colgate University in 2001 with a B.A. in History, before attending Touro Law Center. While at Touro Law Center, Mr. Pollack served on Law Review and graduated *manga cum laude* in 2006.

Mr. Pollack has experience representing employees in wage and hour actions and has been focusing almost exclusively on prosecuting claims on behalf of employees since he formed his practice in 2015. Prior to forming his own firm in 2015, Mr. Pollack worked at two firms on Long Island, where his focus was on employment law.

From 2012 through 2024, Mr. Pollack was a Super Lawyer in Long Island in the field of employment law.

It is respectfully requested that the Court approval Mr. Pollack firm's hourly rate of $475 an hour.

*The time spent by Plaintiff's counsel is annexed as Exhibit C.*

As the attorney time reflects, Mr. Aronauer had his paralegals perform the first draft of legal documents and would then review them. This helped keep legal fees to a minimum.

We also respectfully request that the Court take into consideration that this office recognized a solid settlement offer and did not needlessly run up legal fees to increase the lodestar.

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. 202(a). A fair attorneys' fee award that considers the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

### *Conclusion*

Considering the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement, and so-order the Stipulation and Order of Dismissal with Prejudice.

The Honorable Paul A. Engelmayer
May 14, 2024
Page 6

        We thank the Court for its time and consideration.

                              Respectfully submitted,

                              Law Offices of Yale Pollack, P.C.

                              By: */s/ Yale Pollack*
                                    Yale Pollack, Esq.

                              Law Offices of Jacob Aronauer

                              By: */s/ Jacob Aronauer*
                                    Jacob Aronauer, Esq.

Enclosures

cc:     All Counsel (via ECF)