```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS YEPEZ,

        Plaintiff,

  -against-

3RD AVENUE DOLLAR LLC,

        Defendant.

24-CV-430 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed plaintiff Luis Yepez's unopposed letter-motion dated May 14, 2024 (Ltr. Mot.) (Dkt. 24), seeking approval, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), of the Settlement Agreement and Release (Agreement) (Dkt. 24-1) executed by plaintiff and defendant 3rd Avenue Dollar LLC (3rd Avenue Dollar). The Agreement requires 3rd Avenue Dollar to pay a total of $17,500 (the Settlement Sum), in three installments, to settle plaintiff's claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *See* Ag. ¶ 1. After the settlement was reached and the May 14 letter-motion was filed, plaintiff and 3rd Avenue Dollar consented to my jurisdiction for all purposes. (Dkt. 26.)[1]

    Pursuant to the Agreement, defendant will issue a First Payment of $6,000 within fifteen days after the Court approves the Agreement, a Second Payment of $5,750 within thirty days of the First Payment, and a Final Payment of $5,750 within sixty days of the First Payment. *See* Ag. ¶ 2. Of the Settlement Sum, $6,103.33 is allocated for plaintiff's attorneys: $405 to reimburse them

---

[1] Plaintiff originally brought this action against two defendants: 3rd Avenue Dollar and Mamat Mazot. After Mazot failed to appear, the Clerk of Court entered a certificate of default against him. (Dkt. 20.) On June 12, 2024, plaintiff voluntarily dismissed all claims against Mazot, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (Dkt. 30.) The settling defendant, 3rd Avenue Dollar, is thus the sole remaining defendant.

for the filing fee in this action and $5,698.33 (one-third of the net settlement consideration after reimbursement of that expense) as their fee. *See Id.* ¶¶ 2(a)(i), 2(a)(ii), 2(a)(iii); Ltr. Mot. at 2.

Plaintiff, who asserts that he worked for 3rd Avenue Dollar as a stock clerk, seeks unpaid minimum and overtime wages, plus liquidated damages, under the FLSA and NYLL, as well as statutory damages under the NYLL for failure to furnish required wage statements and notices. Compl. (Dkt. 1) ¶¶ 43-48, 49-56. Defendant "contends that Plaintiff was never hired by [3rd Avenue Dollar] and that any work that may have been performed by Plaintiff, and any payments that may have been paid to Plaintiff were not authorized by [3rd Avenue Dollar]." Ltr. Mot. at 2. Plaintiff asserts that he is owed approximately $14,975 in unpaid wages, and estimates that if he were successful on all of his claims, could recover up to $39,950 in unpaid wages, liquidated damages, and statutory damages. *See* Ltr. Mot. at 2; *id.* Ex. B (damages calculations).[2] Thus, while the gross settlement consideration ($17,500) is greater than 100% of plaintiff's allegedly unpaid wages, the portion destined for plaintiff himself ($11,396.67) represents less than 30% of his potential maximum recovery at trial, as estimated by his counsel.

The financial terms of the Agreement were arrived at after arm's-length bargaining – prior to discovery – between the parties' experienced attorneys, who specialize in wage and hour litigation. *See* Ltr. Mot. at 3. I find that those terms are fair and reasonable in light of, among other things, the risk that plaintiff faces in establishing liability and damages, *id.*, and the additional risk that defendant "could not withstand a greater financial exposure than the compromise proposed." *Id.* at 2. The settlement allows both parties to avoid the expense, delay, and inherent risks of trial, including the risk that plaintiff will recover (or collect) nothing. Under these circumstances, the

---

[2] Plaintiff's calculations do not include pre-judgment interest, available at 9% to a successful plaintiff under the NYLL. *See Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016).

Court is satisfied that the Agreement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Perossio v. Pure Growth Consulting, LLC*, 2023 WL 1368002, at *2 (S.D.N.Y. Jan. 31, 2023) (quoting *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

As noted above, the attorney's fee allocation ($5,698.33) constitutes one-third of the net settlement consideration, which is within the range that courts "regularly approve." *Tarbell-Littman v. TFO USA Ltd.*, 2019 WL 13226417, at *3 (S.D.N.Y. Nov. 8, 2019) (quoting *Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017)). The fact that the fee exceeds counsel's reported lodestar of $4,595.25, *see* Ltr. Mot. Ex. C,[3] does not render it excessive given that plaintiff's attorneys obtained a favorable result in an efficient manner.

The non-economic terms of the Agreement are also fair. Plaintiff will release defendant and its affiliates from any and all wage claims under the FLSA and NYLL. Ag. ¶ 1. The one-way release is not overly broad. Moreover, there is no non-disparagement clause, rehiring prohibition, or confidentiality clause.

Having carefully reviewed the economic and non-economic terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d 199. Accordingly, the May 14 letter-motion (Dkt. 24) is GRANTED, the proposed settlement is APPROVED, and this action is DISMISSED with prejudice.

Dated: New York, New York
        June 20, 2024

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[3] Attorney Yale Pollack charged 7.3 hours to this case at the rate of $475 per hour. Attorney Jacob Aronauer charged 1.15 hours to this case at the rate of $445 per hour. A paralegal at the Aronauer firm charged 3.52 hours to this case at the rate of $175 per hour. Ltr. Mot. Ex. C.